George and Marjorie McAneny, Husband and Wife v. Commissioner.
McAneny v. Commissioner
Docket No. 5507.
United States Tax Court
1946 Tax Ct. Memo LEXIS 231; 5 T.C.M. (CCH) 219; T.C.M. (RIA) 46078; March 28, 1946
Henry F. Matheis, C.P.A., Room 809, 176 Broadway, New York 7, N. Y., for the petitioners. J. Richard Riggles, Jr., Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined a deficiency of $5,124.13 for the calendar year 1941. The question presented is whether an indebtedness due the petitioners in the sum of $11,500, and evidenced by notes in that amount, became worthless in the year 1941. The case was submitted upon oral testimony and exhibits. Findings of Fact The petitioners are husband and wife and filed a joint return for the year 1941 with the collector of internal revenue for the second district of New York. On this return they deducted $11,500, as a debt which had become worthless in that year. This deduction the respondent *232 disallowed. In 1922, the petitioners and several other families, the members of which were close friends of theirs, organized a corporation known as 120 East 75th Street, Inc., to erect and operate an apartment house at that address. The organizers subscribed to the capital stock and, under the plan, were to receive, and did receive, proprietary leases upon certain of the apartments in the building. The remaining apartments were rented to tenants under ordinary lease. Due to strikes and other conditions the cost of the building was in excess of anticipation and additional money had to be raised over and above the amount secured from a first mortgage on the premises. This was done by the issuance by the corporation of a series of 150 notes of $500 each, numbered from one to 150, which were to be paid off in the order of their serial numbers. Each note carried the following endorsement: * * * When issued, this note will be registered in the name and address of the holder hereof on the books of 120 East 75th Street, Inc., and no transfer hereof shall become effective until the name and address of the new holder hereof shall be registered on such books. * * * The petitioner, Marjorie *233 McAneny, advanced the sum of $11,500 and received therefor 23 of these promissory notes, dated March 1, 1924. All of the notes were unsecured, bore six per cent interest per annum and were all due on October 1, 1931. The corporation maintained a book record in which these notes, including the 23 notes held by the petitioner, Marjorie McAneny, were recorded. The 120 East 75th Street, Inc., owned no property other than the apartment building in question. The first mortgage, in the amount of $381,000, was held by the Mutual Life Insurance Company of New York. There was a second mortgage of $20,000, which was paid in 1941 by some of the group interested. The first mortgage became in default in 1936. The operation of the apartment building was unsuccessful and the books of the corporation show losses sustained, after deduction for depreciation, in every year from 1931 to 1940. As of December 31, 1940, the deficit from accumulated net losses amounted to $196,537.35. On February 26, 1936, in consideration of the mortgagee refraining from requesting the appointment of a receiver, the corporation entered into an agreement with the Mutual Life Insurance Company of New York, delivering possession *234 of the premises to that company, as mortgagee, and assigned to it the rents and proceeds of future operation as further and additional security. The mortgagee was still operating under this agreement throughout the taxable year. No interest was paid subsequent to 1931 on any note of the series hereinbefore mentioned, including the notes held by the petitioner, Marjorie McAneny. Following 1936, the operation of the apartment building by the mortgagee produced insufficient revenue and the mortgage became further in arrears. In 1941, the petitioners and their associated friends decided to cease efforts to hold the property. Under date of August 11, 1937, the corporation in writing acknowledged its continued indebtedness on the notes. Opinion Petitioners contend that the notes in question constitute an ordinary indebtedness, while respondent argued they were securities as defined in section 23(k)(3) of the Internal Revenue Code, as amended by section 124 of the Revenue Act of 1942. Unless the evidence establishes that the notes became worthless in the taxable year 1941, their character is of no importance. The burden is upon petitioners to establish the worthlessness *235 of the notes in the taxable year. The evidence here fails to convince us of this controlling fact. There is little dispute about the facts. The record shows that the notes were not paid when they became due in October 1931, but were renewed. The interest was paid regularly until 1932. The corporation, in the taxable year and for some years prior thereto, operated at a loss. In 1936, the holder of the first mortgage, in lieu of a receivership, took over the operation of the property under an assignment of rents, which agreement was still in effect in the taxable year. A second mortgage, a prior lien to the notes in question, was paid off in the Spring in 1941 by certain members of the interested group who decided not to further protect the property but to "let it go". There is no evidence of the value of the building or its equipment in the year 1941 or prior thereto. It does affirmatively appear that the corporation was functioning as such subsequent to 1941. We are unable to perceive from this record any identifiable event or controlling fact justifying a conclusion that the worthlessness of the notes occurred in the taxable year. True, the corporation did not enjoy a healthy financial *236 position and could not liquidate its indebtedness in full. This situation, however, had existed for some time prior to the year 1941. Except that the corporation's financial status became increasingly worse, we find no determinative factor existing in 1941 different from those existing in prior years. The principal identifiable events relied on by petitioners are the decision of a group not to further protect the property and the payment by them of the second mortgage. We think the payment of the second mortgage rather indicates continued hope for improvement of conditions and the salvaging of a part of the investment by petitioners. The decision not to further protect the property undoubtedly related to the paying off of the second mortgage. Petitioners obviously had not completely abandoned all hope of recoupment of their loss. We sustain the respondent's disallowance of the claimed deduction on the ground it has not been shown that the notes became worthless in the taxable year. It is, therefore, unnecessary to pass upon the question whether or not the notes constituted securities within the purview of section 23(k)(3) of the Code. Decision will be entered for the respondent. *237